E-FILED
Monday, 09 November, 2026 11:38:54 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| VENNIS MCCALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 26-cv-1160-CRL |
| | ) |
| | ) |
| MAJOR MALIEY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

MERIT REVIEW ORDER

Plaintiff Vennis McCall is an inmate with the Illinois Department of Corrections ("IDOC") who is housed at the IDOC's Danville Correctional Center. However, the factual allegations that form the basis for Plaintiff's Complaint occurred when Plaintiff was incarcerated at the IDOC's Pontiac Correctional Center ("Pontiac").

The Court granted Plaintiff leave to proceed *in forma pauperis*, and the case is now before the Court for a merit review of Plaintiff's claims contained within his Complaint. Because Plaintiff is a prisoner for purposes of the Prison Litigation Reform Act ("PLRA"), the Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Complaint and, through such process, to identify and to dismiss any legally insufficient claim or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th

Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that, on April 3, 2024, Defendant Major Mailey escorted him to Plaintiff's new cell on Pontiac's South Protective Unit, Cell 523. Once he arrived at Cell 523, Plaintiff noticed that the toilet in the cell was not functioning properly. Instead, Plaintiff alleges that the toilet would overflow constantly and would spill wastewater, urine, and feces onto the Cell's floor.

Plaintiff also noticed that, although the sink in Cell 523 would provide hot water when he turned the faucet on, the faucet would not emit cold water. As a result, Plaintiff had no access to cold drinking water in Cell 523. In addition, Plaintiff avers that the sink was leaking and that water from the leak would spill onto the floor. According to Plaintiff, the sink had been leaking for a lengthy period of time because the water from the leak was causing the paint on the wall near the sink to peel.

Finally, Plaintiff claims that the smell from the overflowing toilet and from the leaking sink was horrendous. Although he asked for cleaning supplies to attempt to clean and to sanitize Cell 523, Plaintiff never received any cleaning supplies. As a result, Plaintiff claims that he has suffered adverse health repercussions, including suffering from respiratory issues that he continues to experience. Plaintiff alleges that he informed each of the Defendants of his cell conditions, which were causing him to experience medical issues, but none of the Defendants would take any action(s) to help

him or to move him to a different cell until July 31, 2024. As a result, Plaintiff asserts that he was forced to live in inhumane conditions in Cell 523 for almost four months.

Plaintiff's Complaint states a claim against Defendants for violating his Eighth Amendment rights based upon the conditions of Cell 523 in which he was forced to live for almost four months.

As for the John Doe and Jane Doe Defendants, they are dismissed. The Court cannot effect service of process upon a John Doe or Jane Doe Defendant. Fed. R. Civ. P. 4(m); *Williams v. Rodriguez*, 509 F.3d 392, 402 (7th Cir. 2007) (holding that the failure to identify John Doe defendants prior to close of discovery and serve them with process subjects the John Doe defendants to dismissal). Therefore, if he desires to prosecute his Eighth Amendment claim against these individuals, Plaintiff will need to identify these individuals, by proper name, during the discovery period. If he is able to determine the identities of these individuals, Plaintiff will need to seek leave of the Court to file an amended complaint that names these individuals as Defendants. If the Court grants leave to file an amended complaint, Plaintiff will need to include the originally named Defendants in his proposed amended complaint because, if the Court grants leave to file his amended complaint, the amended complaint will wholly replace Plaintiff's Original Complaint.

Accordingly,

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff's Complaint states a claim against Defendants for allegedly violating his Eighth Amendment rights based upon the conditions of his confinement in

Cell 532 from April 3, 2024, until July 31, 2024. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. The Clerk of the Court is directed to dismiss the John Doe and Jane Doe Defendants.

3. The Clerk of the Court is further directed to attempt to effect service of process on Defendants pursuant to the Court's standard procedures.

4. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5. The Court will attempt service on Defendants by mailing a waiver of service to Defendants. Defendants have sixty (60) days from the date the waiver is sent to file an answer. If Defendants have not filed an answer or appeared through counsel within ninety (90) days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an Order setting discovery and dispositive motion deadlines.

6. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said

Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7. Defendants shall file an answer within sixty (60) days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by a Defendant. Therefore, no response to the answer is necessary or will be considered.

8. This District uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a Scheduling Order, which will explain the discovery process in more detail.

9. Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition at his place of confinement.

10. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11. If a Defendant fails to sign and return a waiver of service to the Clerk within thirty (30) days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal Service on Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12. The Clerk of the Court is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

13. In light of this Order, Plaintiff's second motion for status (Doc. 10) is DENIED AS MOOT.

Entered this 9th day of November, 2026

s/ Colleen R. Lawless
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE